IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY BRADFORD CLARKE,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF MADERA *et al.,*<br>　　　　　　　　　Defendants.<br>_____/ | CASE NO. CV-F-07-1806- LJO-DLB<br><br>**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO AMEND COMPLAINT (Docs. 28, 32)** |

**I. Introduction**

Plaintiff Stanley Bradford Clarke ("Mr. Clarke") moves for reconsideration of this Court's January 24, 2008 Order ("January Order") granting defendant City of Madera's ("Madera's") motion to dismiss.[1] Additionally, Mr. Clarke requests leave to amend his fourth amended complaint. Madera opposed the motion on February 29, 2008. Mr. Clarke replied on March 10, 2008. Having considered the moving, opposition and reply papers, this Court found this motion suitable for decision without a hearing and vacated the March 17, 2008 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DENIES Mr. Clarke's motion for reconsideration (Doc. 28) and motion for leave to amend (Doc. 32).

---

[1] This Court's "Order on Defendants' Motion to Dismiss, Motion to Strike, and Request for Judicial Notice" was filed on January 24, 2008 (Doc. 24).

1

## II. Background

In his fourth amended complaint, Mr. Clarke alleged that Madera, acting through various employees ("Doe Defendants"), deprived him of his fundamental liberty interest in his parent-child relationship, in violation of his due process rights pursuant to the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983. Additionally, Mr. Clarke asserted causes of action for negligence and intentional infliction of emotional distress.[2]

Mr. Clarke filed a California Tort Act claim with Madera on March 13, 2006. That claim was reviewed, and Madera sent a Notice of Insufficiency of Claim on March 17, 2006. On September 15, 2006, Mr. Clarke initiated this action in Madera County Superior Court (Case No. MCV034341). The Superior Court sustained Madera's demurrers on January 23, 2007, April 9, 2007, and October 4, 2007, with leave to amend. On November 4, 2007, Mr. Clarke filed his fourth amended complaint. Madera removed the action to this Court, pursuant to 28 U.S.C. §1441(b), on December 11, 2007.

On January 24, 2008, this Court granted Madera's motion to dismiss Mr. Clarke's fourth amended complaint. First, this Court found that Mr. Clarke failed to comply substantially with the California Tort Claims Act and, therefore, was precluded from asserting state law causes of action against Madera for negligence and intentional infliction of emotional distress. January Order, 3-5. Second, the Court dismissed Mr. Clarke's 42 U.S.C. §1983 claim against Madera, as Mr. Clarke alleged no custom or policy which caused the alleged deprivation of his constitutional rights. January Order, 5-6. Third, the Court dismissed Mr. Clarke's 42 U.S.C. §1983 claim against Doe Defendants, because they were entitled to qualified immunity. January Order, 6-9. Finally, the Court declined to grant, *sua sponte*, Mr. Clarke leave to amend.

In these current motions, Mr. Clarke seeks reconsideration of the January Order and requests leave to amend his fourth amended complaint.

## III. Analysis

**A.    Standard of Review**

Reconsideration is appropriate when the district court is presented with newly discovered

---

[2] For background on the underlying claims, see January Order, 1-2.

evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n.6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129 (2000). Reconsideration should not be used to "argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion and why the facts or circumstances were not shown at the time of the prior motion."

**B.     January Order Standard of Review**

Mr. Clarke argues that this Court committed clear legal error, because it used the wrong standard to review the motion to dismiss in its January Order. Mr. Clarke contends that this Court was required to accept as true his "allegation" that he complied with the California Tort Claims Act. Mr. Clarke asserts that it was error for this Court to rely on the judicially-noticed Tort Claim form and Notice of Insufficiency submitted by Madera, because this Court is limited to the allegations contained in the complaint in a motion to dismiss. Mr. Clarke previously raised these arguments in opposition to Madera's motion to dismiss.

This Court need not accept as true Mr. Clarke's allegation that he complied with the California Tort Claims Act. It is well-settled that although courts assume the facts alleged as true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Mr. Clarke's bald allegation that he complied with the California Tort Claims Act was a legal conclusion. Indeed, Mr. Clarke's compliance with the California Tort Claims Act was called into question in the motion to dismiss. As such, whether Mr. Clarke complied with the California Tort Claims Act was a legal question for this

1 Court to resolve, not a conclusion for Mr. Clarke to allege in his complaint. Contrary to Mr. Clarke's
2 repeated assertions, courts do not assume the truth of legal conclusions. Therefore, this Court did not
3 err in refusing to accept as true Mr. Clarke's allegation that he complied with the California Tort Claims
4 Act.

5       Further, this Court did not commit manifest error in considering the Tort Claim form and Notice
6 of Insufficiency. "As a general rule, a district court may not consider any material beyond the pleadings
7 in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).
8 However, in a motion to dismiss, this Court may consider the complaint, exhibits submitted with the
9 complaint, or any matters judicially noticed in accordance with Federal Rules of Evidence 201. *Hal*
10 *Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Emrich v. Touche*
11 *Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988) (a court properly looks beyond complaint to items in the
12 record of the case or to matters of general public record). In its January Order, the Court found it
13 appropriate, pursuant to Federal Rule of Evidence 201, to take judicial notice of the certified Tort Claim
14 form filed by Mr. Clarke and the Notice of Insufficiency sent to Mr. Clarke by Madera, because they are
15 matters of public record. January Order, 4. The Court notes further that the judicially-noticed documents
16 are also part of the record in this case and were referred to by Mr. Clarke in his third amended complaint.
17 Notice of Removal of Action, Exhibits C and O (Docs. 3, 4). Thus, the Court did not err to consider
18 those documents.

19 **C.    Substantial Compliance**

20       Mr. Clarke argues that this Court committed error in its substantial compliance analysis. First,
21 Mr. Clarke attempts to demonstrate compliance by arguing that he submitted an amended Tort Claim
22 form. In support of this argument, Mr. Clarke submits a Tort Claim form dated April 14, 2006. Second,
23 Mr. Clarke argues that the Court made an improper inference that he did not respond to the Notice of
24 Insufficiency. Third, Mr. Clarke argues that his Tort Claim form complied substantially with the
25 California Tort Claims Act.

26     **1.    No New Evidence**

27       In his motion for reconsideration, Mr. Clarke asserts for the first time that he filed an amended
28 Tort Claim form on April 4, 2006 ("amended Tort Claim form"). Assuming this to be true, the amended

4

Tort Claim form is not newly discovered evidence. "Evidence is not 'newly discovered' if it was in the moving party's possession before the [judgment was rendered] or could have been discovered with reasonable diligence. *Coastal Transfer Co. v. Toyota Motor Sales*, 833 F.2d 208, 212 (9th Cir. 1987). Mr. Clarke concedes that the amended Tort Claim form was in his possession before judgement was rendered. Therefore, the Court will not consider the amended Tort Claim form in this motion and reconsideration based on the amended Tort Claim form is improper.

### 2. No Unwarranted Inference

Mr. Clarke asserts that this Court committed clear legal error in its substantial compliance analysis, because it did not assume that Mr. Clarke filed the amended Tort Claim form. Mr. Clarke argues that the filing of an amended Tort Claim form is "implicit in the allegations of Clarke's complaint," and need not have been explicitly pleaded in order to survive Madera's Fed. R. Civ. P. 12(b)(6) motion. Mr. Clarke concludes that "[n]o facts, judicially noticed or otherwise, were before the court from which the court could properly conclude that Clarke had failed to comply with California's claim presentation requirements."

The Court did not commit manifest error by failing to assume that Mr. Clarke filed an amended claim form. There was no evidence to support that fact, no allegations that an amended Tort Claim form was filed, and no argument asserting such fact. Under the circumstances, this Court was under no obligation to make the unwarranted inference that Mr. Clarke filed an amended Tort Claim form. "[C]onclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Based on the allegations of the complaint, and considering Mr. Clarke's argument in opposition to the motion to dismiss, this Court did not commit clear error by failing to conclude that Mr. Clarke filed an amended claim form.[3]

Moreover, Mr. Clarke may not assert newly-advanced arguments in this motion for reconsideration. Mr. Clarke did not allege that he filed an amended Tort Claim form in his fourth amended complaint and did not assert this argument in his opposition to the motion to dismiss. Instead,

---

[3] To that end, this Court agrees with Mr. Clarke that "[b]ased only on the facts the court could consider, the court simply could not find that Clarke did respond to the Notice of Insufficiency." Memo. In Supp. Mot. Reconsideration, 9:15-17.

5

Mr. Clarke avers the existence of the amended Tort Claim form for the first time in this motion for reconsideration. Reconsideration is not a proper mechanism to advance arguments that should have been presented before this Court rendered a judgment. *Sigsorth v. City of Auroria*, 487 F.3d 506, 512 (7th Cir. 2007). Accordingly, reconsideration based on this argument is improper.

### 3. Analysis Not Clearly Erroneous

Mr. Clarke contends that this Court's substantial compliance analysis was clearly erroneous, because his tort claim, original and/or amended, complied substantially with the filing requirements of the claims statute. This Court did not consider the amended Tort Claim form in its analysis, since there was no evidence to support an inference that Mr. Clarke amended his claim. As discussed more fully above, this Court did not err in basing its substantial compliance analysis on the judicially-noticed March 13, 2006 Tort Claim form ("original Tort Claim form").

Mr. Clarke argues that the Court's analysis was flawed, because the Court concluded that his original Tort Claim form did not comply substantially with the filing requirements. Mr. Clarke argues that his original tort claim is sufficient, because when "viewed in its entirety...[it] is susceptible to an interpretation that reasonably enables the public entity to make an adequate investigation and settle the claim." *Connelly v. County of Fresno*, 146 Cal. App. 4th 29, 40 (Cal. App. 5th Dist. 2006).

In analyzing whether Mr. Clarke's original Tort Claim form complied substantially with the California Tort Claims Act filing requirements, the Court considered "whether sufficient information is disclosed on the face of the filed claim to reasonably enable the public entity to make an investigation of the merits of the claim and to settle it without the expense of the lawsuit." January Order, 4 (quoting *Pac. Tel. & Tel. Co. v. County of Riverside*, 106 Cal. App. 3d 183, 187 (Cal. App. 4th Dist. 1980). The Court concluded that Mr. Clarke "did not set forth locations, facts or circumstances surrounding his claim. Instead, Mr. Clarke provided a list of causes of action and damages." January Order, 5. On that basis, the Court concluded that Mr. Clarke failed to comply substantially with the filing requirements.

The Court committed no clear error by concluding that Mr. Clarke's original Tort Claim form was insufficient. On his original Tort Claim form, Mr. Clarke did not explain what Madera and Doe Defendants did "to cause the Loss, Damage, or Injury." In response to that specific question, Mr. Clarke answered: "Gross Negligence, Destruction of Evidence, Breach of Duty, Obstruction of Justice,

Withholding Evidence, Child Endangerment." Given this information alone, it was not clearly erroneous for the Court to conclude that Madera would be unable to investigate the merits of the claim. Mr. Clarke misinterprets this Court's January Order to conclude that this Court's substantial compliance analysis was based only on its assumption that Mr. Clarke failed to respond to Madera's Notice of Insufficiency. On the contrary, this Court based its analysis on the inadequate information Mr. Clarke provided to Madera on his original Tort Claim form. Mr. Clarke "did not provide enough information to determine **what** if anything the public entity did or failed to do to create liability exposure." January Order, 4 (quoting Notice of Insufficiency) (emphasis in original). On that basis, it was not clearly erroneous to conclude that Mr. Clarke did not comply substantially with the California Tort Claims Act requirements.

### D.    Motion to Dismiss Not Converted to a Motion for Summary Judgment

Mr. Clarke argues that this Court improperly converted Madera's Fed. R. Civ. P. 12(b)(6) motion to dismiss to a Fed. R. Civ. P. 56 motion for summary judgment without providing Mr. Clarke the opportunity to present rebutting evidence. As discussed more fully above, however, this Court did not rely on matters outside of the pleadings, with the exception of judicially-noticed evidence. In a Fed. R. Civ. P. 12(b)(6) motion, a court may take judicial notice of facts outside the pleadings without converting the motion into one for summary judgment when the facts are matters of public record or in the record of the case. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988). Here, Mr. Clarke's original Tort Claim form and Madera's Notice of Insufficiency are both matters of public record and in the record of this case. Accordingly, this Court considered properly the motion to dismiss without converting it to a summary judgment motion.

### E.    Federal Constitutional Claim

Mr. Clarke contends that the Court erred in concluding that Doe Defendants were entitled to qualified immunity.[4] In support of his position, Mr. Clarke attempts to introduce facts outside of the complaint in both his argument and his accompanying declaration. As discussed more fully above, this Court will not consider these facts, as they are not newly discovered evidence. Accordingly, the Court

---

[4] Mr. Clarke does not seek reconsideration of this Court's ruling that Mr. Clarke failed to plead his 42 U.S.C. §1983 cause of action against Madera. The Court found that Mr. Clarke failed to allege that Madera had an official policy or custom which led to the alleged injury.

7

can not consider properly Mr. Clarke's arguments which rely on these facts outside of the pleadings. Moreover, the Court will not consider Mr. Clarke's arguments to the extent that they are presented to this Court as an initial consideration, rather than reconsideration.

In its motion to dismiss, Madera argued that Mr. Clarke's due process claim failed, because there was no violation of his due process rights. Madera asserted that "a parent's interest in raising a child is not absolute, and in an emergency situation, a government agency can remove a child from the parent's custody when the child is subject to immediate or apparent danger." *Caldwell v. LeFaver*, 928 F.2d 331, 333 (9th Cir. 1991). Madera concluded that Mr. Clarke's parental rights were not absolute and Mr. Clarke's remedy was in a different forum.

Mr. Clarke did not oppose meaningfully Madera's motion to dismiss his 42 U.S.C. §1983 claim against Doe Defendants. Mr. Clarke's opposition to Madera's qualified immunity argument, in its entirety, reads:

> The elements of a cause of action under 42 U.S.C. §1983 are; (sic) (1) violation of rights protected by the Constitution or created by federal statute; (2) caused, (3) by conduct of a "person," (4) acting under color of state law. *Parratt v. Taylor* (1981) 451 U.S. 527, 535 (overruled on other grounds). Clarke's complaint alleges these elements. His right to be free from interference with his relationship with his son, his right to care for and "parent" his son, are well recognized, indeed, Madera concedes this point in its moving papers. Clarke's allegations regarding the conduct of defendant's employees, e.g. instructing Clarke to sequester his son, and then causing Clarke to incur criminal charges for complying with their instructions, clearly amounts to a violation of his due process rights. As alleged in Clarke's complaint, this conduct was the cause of Clarke's loss of his parenting rights. Finally, this conduct was undertaken by "persons" acting under color of state law. These allegations would be sufficient to support liability against the individual defendants (Opp. Mot. Dismiss, 3).

Mr. Clarke did not respond to the issues raised by Madera and ignored the qualified immunity analysis. Mr. Clarke cited no law in support of his conclusory claim that is parental rights are "well recognized." Mr. Clarke cited no authority that the actions of Doe Defendants "clearly amount[ed] to a violation of his due process rights." Instead, Mr. Clarke's opposition rested inexcusably on a formulaic recitation of the elements of a 42 U.S.C. §1983 cause of action. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). In this motion for reconsideration, Mr. Clarke fails to

explain why the grounds now asserted were not shown at the time of the original motion. Local Rule 78-230(k). Accordingly, reconsideration is unwarranted.

Moreover, this Court did not commit manifest error in its analysis of Mr. Clarke's constitutional claim.[5] After a substantial analysis of the constitutional rights implicated in Mr. Clarke's cause of action, the Court found that Mr. Clarke's due process rights were not violated, because: (1) Mr. Clarke's liberty interest was reduced substantially by the terms of a state court custody judgment (i.e., Mr. Clarke did not have a clear interest) and (2) the actions of defendants caused Mr. Clarke to defend his rights, not to lose them (i.e., Doe Defendants did not violate Mr. Clarke's constitutional rights). The Court's conclusion was not clearly erroneous, even when construing the allegations in a light most favorable to Mr. Clarke, because Mr. Clarke did not allege that defendants deprived him of a hearing and did not allege that defendants physically removed his son from his custody to deprive him of his rights. Moreover, Mr. Clarke asserts no argument in this motion (upon which this Court may rely) to demonstrate that the Court erred in its conclusion.

**D.   Leave to Amend**

Mr. Clarke moves for reconsideration of this Court's decision to decline, *sua sponte*, to grant Mr. Clarke leave to amend his fourth amended complaint. Additionally, Mr. Clarke moves for post-judgment leave to amend his complaint. This Court will consider both motions in this section.

In its January Order, the Court declined to exercise its discretion to grant Mr. Clarke leave to amend his fourth amended complaint on a number of grounds. First, Mr. Clarke did not request leave to amend. Second, the Court recognized that although leave to amend should be granted freely, Mr. Clarke was moving forward on this fourth amended complaint. Thus, Mr. Clarke had been granted numerous opportunities to overcome the fatal flaws of his pleading, without success. Third, the Court considered that Mr. Clarke's claims, if any, are more appropriate in another forum. "Allowing a Section 1983 substantive due process claims to proceed under the alleged deprivation of liberty here

---

[5] The qualified immunity analysis is a two-step process. First, the Court determines whether, taken in the light most favorable to the party asserting injury, the facts alleged show that the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If no constitutional violation occurred, there is no need for further inquiry. If, on the other hand, the Court finds that a constitutional violation "could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.*

9

[infringement of custody and visitation rights] could have unfortunate consequences for our federal system. It could dramatically interject federal courts and federal law into domestic relations disputes involving children which...is "an area that has long been regarded as a virtually exclusive province of the States." *Sosna v. Iowa*, 419 U.S.393, 404 (1975); *see also, Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1 (2004). For the reasons described in its January Order, and below, this Court did not err in declining to grant Mr. Clarke leave to amend his complaint *sua sponte*.

Pursuant to Fed. R. Civ. P. 15, a party may amend its pleading once as a matter of right. Thereafter, a party may amend its pleading only with the opposing party's written consent or the court's leave. *Id.* Although leave to amend should be granted liberally, dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

This Court finds that Mr. Clarke can not cure the defects of his complaint by amendment. In determining whether to grant leave to amend, this Court considers undue delay, bad faith, futility of amendment, and prejudice to the opposing party. *Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973). In this litigation, Mr. Clarke established a trend of failing to oppose meaningfully the substance of each demurrer and motion to dismiss. See Notice of Removal, Exhibits D, H, O, T and Opposition to Motion to Dismiss. Instead, Mr. Clarke responded to each challenge to the legal sufficiency of his complaint by requesting leave to amend. Mr. Clarke promised to supplement his pleading with evidence of compliance with the California Tort Claims Act and assured the Court that he can "easily cure technical errors and so-called insufficiencies" and "easily correct...mere technicalities." Notice of Removal, Exhibits D, H, O, T. *See also*, Motion for Reconsideration and Motion for Leave to Amend. Mr. Clarke amended his complaint four times unsuccessfully . Despite three sustained demurrers, Mr. Clarke's fourth amended complaint contained the same California Tort Claims Act defect. *See* Notice of Removal, Exhibits, B, F, 0. Similarly, Mr. Clarke was afforded an opportunity to cure his federal claims, without success. Mr. Clarke has demonstrated his inability to cure the deficiencies of his complaint, even if this Court were to grant leave to amend. Thus, amendment would be futile. *Kendall v. VISA U.S.A., Inc., et al.*, 2008 DJDAR 3366, 3370 (9th Cir. March 10, 2008); *see also*, *A.E. v. Mitchell*, 724 F.2d 864 (10th Cir. 1983) (denial of leave to amend was not an abuse of discretion where

court granted leave to amend three times and proposed amendment would create new cause of action); *UFCW v. Philip Morris, Inc.*, 223 F.3d 1271 (11th Cir. 2000) (motion for leave to amend properly denied where amendment would be futile because proffered claim failed to state a claim under applicable state law). Accordingly, Mr. Clarke's motion for leave to amend is denied.

## IV. CONCLUSION

For the foregoing reasons, this Court:

1. DENIES Mr. Clarke's motion for reconsideration (Doc. 28); and
2. DENIES Mr. Clarke's motion for leave to file an amended complaint (Doc. 32).

IT IS SO ORDERED.

**Dated:   March 19, 2008**                    /s/ Lawrence J. O'Neill
                                                                     UNITED STATES DISTRICT JUDGE